IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **JEFF S.**[1], <br><br>    Plaintiff, <br><br> v. <br><br> **KILOLO KIJAKAZI,** Acting Commissioner of Social Security, <br><br>    Defendant. | Case No. 6:20-cv-2163-SI <br><br> **OPINION AND ORDER** |

Kevin Kerr, KERR ROBICHAUX & CARROLL, P.O. Box 14490, Portland, OR 97293. Of Attorneys for Plaintiff.

Scott Erik Asphaug, United States Attorney, and, Renata Gowie, Civil Division Chief, UNITED STATES ATTORNEY'S OFFICE, 1000 SW Third Avenue, Suite 600, Portland, OR 97204; Katherine B. Watson, Special Assistant United States Attorney, OFFICE OF GENERAL COUNSEL, Social Security Administration, 701 Fifth Avenue, Suite 2900 M/S 221A, Seattle, WA 98104. Of Attorneys for Defendant.

**Michael H. Simon, District Judge.**

Jeff S. seeks judicial review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying Plaintiff's application for Supplemental Security Income (SSI) under the Social Security Act (Act). Because the Commissioner's

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case. When applicable, this Opinion and Order also uses the same designation for a non-governmental party's immediate family member.

decision was supported by substantial evidence and is free of legal error, the decision is AFFIRMED.

## STANDARD OF REVIEW

The district court must affirm the Commissioner's decision if it is based on the proper legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means "more than a mere scintilla but less than a preponderance." *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Andrews*, 53 F.3d at 1039).

When the evidence is susceptible to more than one rational interpretation, the Court must uphold the Commissioner's conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Variable interpretations of the evidence are insignificant if the Commissioner's interpretation is a rational reading of the record, and this Court may not substitute its judgment for that of the Commissioner. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193, 1196 (9th Cir. 2004). "[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quotation marks omitted)). A reviewing court, however, may not affirm the Commissioner on a ground upon which the Commissioner did not rely. *Id.*; *see also Bray*, 554 F.3d at 1226.

## BACKGROUND

### A. Plaintiff's Application

Plaintiff applied for SSI on February 2, 2018, alleging disability beginning January 9, 2018. AR 15. Plaintiff's claim was initially denied on July 2, 2018, and again upon

PAGE 2 – OPINION AND ORDER

reconsideration on October 2, 2018. AR 90-94, 96-98. Plaintiff filed a written request for a hearing, which was held on July 25, 2019. AR 99-100, 128-50. Plaintiff was born on November 9, 1955, and he was 62 years old on the alleged disability onset date. AR 22. In a decision dated March 31, 2020, the ALJ found that Plaintiff was not disabled. AR 24. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied Plaintiff's request for review, making the ALJ's decision final. AR 1. Plaintiff seeks judicial review of the ALJ's decision.

**B. The Sequential Analysis**

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011); *see also* 20 C.F.R. § 416.920 (SSI); *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). An impairment or combination of impairments is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). Unless expected to result in death, this impairment must have lasted or be expected to last for a continuous period of at least 12 months. 20 C.F.R. §

PAGE 3 – OPINION AND ORDER

       416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(ii). If the claimant has a severe impairment, the analysis proceeds to step three.

3.     Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis continues. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" (RFC). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e), 416.945(b)-(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4.     Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5.     Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v), 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

      The claimant bears the burden of proof at steps one through four. *Id.* at 953; *see also Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999); *Yuckert*, 482 U.S. at 140-41. The Commissioner bears the burden of proof at step five. *Tackett*, 180 F.3d at 1100. At step five, the Commissioner must show that the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experience." *Id.*; *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves that

PAGE 4 – OPINION AND ORDER

the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953-54; *Tackett*, 180 F.3d at 1099.

## C.  The ALJ's Decision

The ALJ performed the sequential analysis as noted above. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity after the alleged onset date, January 9, 2018. AR 17. At step two, the ALJ found that Plaintiff had severe impairments of Crohn's disease and bilateral osteoarthritis of the hand. *Id.* The ALJ found that those medically determinable impairments significantly limit Plaintiff's ability to perform basic work activities as required by Social Security Ruling (SSR) 85-28. *Id.* Also at step two, the ALJ determined that the following claimed impairments were non-severe or non-medically determinable: hypertension, hyperlipidemia, obesity, chronic kidney disease, depression, and substance abuse disorder. AR 17-19. At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of impairments required in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 416.920(d), 416.925, and 416.926). AR 19-20.

The ALJ next determined Plaintiff's RFC. The ALJ found Plaintiff to have an RFC to perform "medium work as defined in 20 C.F.R. § 404.1567(c) except that he is limited to occasional stooping, kneeling, crouching, and crawling." AR 20. The ALJ found that Plaintiff requires a bathroom on the premises of his workplace. *Id.* The ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms, but that Plaintiff's statements concerning the intensity, persistence, and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record. AR 21. At step four, the ALJ found that Plaintiff cannot perform his past

relevant work as a tractor trailer driver. AR 22. At step five, the ALJ considered Plaintiff's age, education, work experience, and RFC and found Plaintiff able to make a successful adjustment to other work that exists in significant numbers in the national economy, specifically as a packager and a cook helper. AR 23. As a result, the ALJ found that Plaintiff was not disabled under the Social Security Act. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by: (a) improperly rejecting a bending limit from the consultative examiner; (b) improperly failing to include limitations to account for Plaintiff's osteoarthritis of the hands, a severe impairment; and (c) improperly rejecting Plaintiff's testimony regarding his colostomy bag. The Court addresses each argument in turn.

**A.  Bending limitation**

Plaintiff first argues that the ALJ improperly rejected a bending limitation from the consultative examiner. The consultative examiner, Dr. Collin Blattner, DO, made several determinations regarding Plaintiff's movement. Dr. Blattner determined that Plaintiff should be limited to carrying 50 pounds occasionally and 25 pounds frequently and noted that Plaintiff "should not bend down while lifting as this may cause the colostomy bag to fail." AR 419. Dr. Blattner likewise described that Plaintiff can "balance, kneel, and crawl frequently" but "should not bend over because his colostomy bag may fail." *Id.* At the hearing, the VE testified that, if someone was limited "to not being medically recommended to do any stooping or bending" that would "significantly erode the medium occupational base." AR 52. The Commissioner acknowledges that the ALJ credited Dr. Blattner's opinion without fully incorporating it into the RFC but contends that any error is harmless. Specifically, the Commissioner contends that packager, one of the two occupations the ALJ identified that Plaintiff could perform, does not require bending and so, because the ALJ identified a job that

was compatible with the narrower RFC, the ALJ's ultimate non-disability determination is not negated.

An error is harmless if it is "inconsequential to the ultimate nondisability determination." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012); *see also Robbins*, 466 F.3d at 885 (noting that an error is harmless if it is "clear from the record the error was inconsequential to the ultimate non-disability determination"). A court should not automatically reverse on account of error, but should make a determination of prejudice. *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012). "Determination of prejudice requires 'case-specific application of judgment, based upon examination of the record,' not 'mandatory presumptions and rigid rules.'" *Id.* (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). These case-specific factors are "various" and potentially include, among others:

> an estimation of the likelihood that the result would have been different, an awareness of what body (jury, lower court, administrative agency) has the authority to reach that result, a consideration of the error's likely effects on the perceived fairness, integrity, or public reputation of judicial proceedings, and a hesitancy to generalize too broadly about particular kinds of errors when the specific factual circumstances in which the error arises may well make all the difference.

*Shinseki*, 556 U.S. at 411-12.

The party claiming error has the burden "to demonstrate not only the error, but also that it affected his [or her] 'substantial rights,' which is to say, not merely his [or her] procedural rights." *Ludwig*, 681 F.3d at 1054. Additionally, a reviewing court can determine, based on the circumstances of the case, that further administrative review is required to determine whether there was prejudice from the error. *McLeod v. Astrue*, 640 F.3d 881, 888 (9th Cir. 2011). Mere probability of prejudice is not enough, but where there is a substantial likelihood of prejudice, then remand is appropriate. *Id.*

The ALJ's error in failing to include a bending limitation in Plaintiff's RFC is inconsequential to her disability determination, because the occupation of packager exists in significant numbers in the national economy (500,000 jobs) and does not require bending. *See* Dictionary of Occupational Titles (DOT) 920.687-018, *available at* 1991 WL 687916.

**B. Osteoarthritis of the Hands**

Plaintiff argues that, although the ALJ included Plaintiff's osteoarthritis as a severe impairment, the ALJ failed to account for any limitations related to that impairment in Plaintiff's RFC. A review of the ALJ's decision, however, demonstrates that the ALJ did, in fact, consider Plaintiff's osteoarthritis and alleged limitations of his hands in formulating the RFC. Specifically, the ALJ described as follows:

> No swelling, erythema, effusion, tenderness, or deformity was present in the joints, the claimant was able to fully extent the hands, make a fist, oppose the fingers, and he was able to pinch, grasp, and manipulate small and large objects without difficulty. Range of motion was full in all joints, including the wrists, fingers, and thumbs. The claimant endorsed no hand pain on the day of the consultative examination. X-rays of the left hand showed mild to moderate degenerative change at the first and third rnetacarpophalangeal joints. In the right hand, x-rays showed mild degenerative changes. Treatment records reflected a history of waxing and waning hand pain with stiffness and tingling. Examination of the right hand showed bony tenderness, a deformity consisting of a finger bending inward, and decreased strength.

AR 21 (citations omitted). The ALJ also noted that the consultative examiner identified "medium exertional limitations" and "no manipulative limitations." AR 22. A review of the record reveals that the consultative examiner found that Plaintiff's hand and wrist muscles and ranges of motion were normal. AR 414, 416. Plaintiff does not point to any support in the record for greater limitations stemming from his osteoarthritis. The Court is satisfied that the ALJ did not err in her consideration of Plaintiff's osteoarthritis in formulating Plaintiff's RFC.

PAGE 8 – OPINION AND ORDER

### C. Plaintiff's Testimony

A claimant "may make statements about the intensity, persistence, and limiting effects of his or her symptoms." SSR 16-3p, 2017 WL 5180304, at *6 (Oct. 25 2017).[2] There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). "First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment 'which could reasonably be expected to produce the pain or other symptoms alleged.'" *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991) (en banc)). When doing so, "the claimant need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom." *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996).

"Second, if the claimant meets this first test, and there is no evidence of malingering, 'the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so.'" *Lingenfelter*, 504 F.3d at 1036 (quoting *Smolen*, 80 F.3d at 1281). It is "not sufficient for the ALJ to make only general findings; he must state which pain testimony is not credible and what evidence suggests the complaints are not credible." *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993). Those reasons must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily

---

[2] Effective March 28, 2016, Social Security Ruling (SSR) 96-7p was superseded by SSR 16-3p, which eliminates the term "credibility" from the agency's sub-regulatory policy. SSR 16-3p; Titles II and XVI: Evaluation of Symptoms in Disability Claims, 81 Fed. Reg. 14166 (Mar. 16, 2016). Because, however, case law references the term "credibility," it may be used in this Opinion and Order.

discredit the claimant's testimony." *Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (citing *Bunnell*, 947 F.2d at 345-46).

The ALJ concluded that, at the first step, Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. AR 21. The ALJ determined, however, that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." *Id.* Specifically, the ALJ found that Plaintiff had made inconsistent statements regarding the frequency with which his colostomy bag required changing or emptying. *Id.* The ALJ noted that "although [Plaintiff] reported at the hearing that he changes the colostomy bag at least ten times a day and has frequent issues with leaking, he told the consultative examiner that he changes it only once a day when he showers." *Id.* Plaintiff contends that the ALJ erred when she "suggested that Plaintiff was exaggerating how often he emptied his colostomy bag" and that it appeared the ALJ misunderstood Plaintiff's testimony. Plaintiff clarifies that while he *replaces* his colostomy bag once every one to two days, he *empties* the bag approximately ten times every day. Plaintiff argues that this misunderstanding led the ALJ to miscalculate Plaintiff's RFC.

Plaintiff appears to be correct that the ALJ misunderstood the distinction between emptying and changing or replacing his colostomy bag, and the frequency required for those tasks. As Plaintiff acknowledged, however, the ALJ included in her assessment the limitation that Plaintiff must have access to a bathroom at his workplace, stating specifically that "a bathroom must be on the workplace premises so [Plaintiff] can empty the colostomy bag." AR 22. Plaintiff also argues that emptying his colostomy bag ten times a day will requires more than the two 15-minute breaks and 30 minute to one-hour lunch break that the VE testified is normal workplace tolerance for breaks. Plaintiff, however, did not present any evidence

PAGE 10 – OPINION AND ORDER

regarding the amount of time required daily to empty his colostomy bag and whether it takes longer than regular bathroom use. Rather, Plaintiff's testimony focused largely on his constant fear that the bag would leak and his issues with bending over, as discussed above. As discussed above, it is Plaintiff's burden to show that the alleged error is harmful. Thus, although the ALJ appears to have misunderstood Plaintiff's evidence, any resultant error is harmless.

## CONCLUSION

The Court AFFIRMS the Commissioner's decision that Plaintiff is not disabled.

**IT IS SO ORDERED**.

DATED this 8th day of June, 2022.

/s/ <i>Michael H. Simon</i><br>
Michael H. Simon<br>
United States District Judge